UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| RUDY ROSENBERG, *et al.*,<br><br>        **Plaintiffs,**<br><br>    v.<br><br>THE STATE OF NEW JERSEY, *et al.*,<br><br>        **Defendants.** | Case No. 20–cv–07117–BRM–ESK<br><br>OPINION AND ORDER |

**KIEL**, U.S.M.J.

    **THIS MATTER** is before the Court on *pro se* plaintiff Eltha Jordan's motion for the appointment of *pro bono* counsel pursuant to 28 U.S.C. §1915(e)(1) (Motion). (ECF No. 10.) No defendant has appeared in this matter and the Motion is unopposed. For the following reasons, the Motion is **DENIED**.

## BACKGROUND

    Plaintiffs Rudy Rosenberg (Rudy), Jacqueline Rosenberg, and Eltha Jordan (collectively, Plaintiffs) filed a verified complaint on June 10, 2020 against various government entities and state actors, including the New Jersey Attorney General and Bergen County Sheriff. (ECF Nos. 1 and 1-1.) Plaintiffs simultaneously submitted an Application to Proceed *In Forma Pauperis* pursuant to 28 U.S.C. §1915(a)(1) (Application). (ECF No. 1-2.) Plaintiffs then filed a verified amended complaint on August 9, 2020 (Amended Complaint). (ECF No. 6.) District Judge Brian R. Martinotti granted Plaintiffs' Application on December 1, 2020 (ECF No. 7), and deemed the Amended Complaint "filed" as of December 1, 2020. (Docket Entry after ECF No. 7.)

    The Amended Complaint is comprised of 160 pages with over 1,100 separate paragraphs, exclusive of sub-paragraphs. (ECF No. 6 pp. 1–159.) A multitude of defendants are identified in both the caption and body of the pleading. (*Id.*

¶¶ 64–202.)  The Amended Complaint recites a litany of vague Federal and state claims, including violations of the New Jersey and New York Constitutions, the First, Fourth, Fifth, Sixth and Fourteenth Amendments of the United States Constitution, various Federal statutes including the Americans with Disabilities Act, "the common law" of New York and New Jersey, "in addition [to] all other rights raised and implicated herein." (*Id.* ¶¶ 1, 3, 4, 30.) The Amended Complaint contains a "Constitutional Violations Summary," enumerating an assortment of claims ranging from "[t]heft and [e]xtortion" to fabrication of evidence. (*Id.* pp. 10, 11.) The list of "Injuries," while extensive, rather resembles a collection of constitutional violations ("First Amendment") or civil cause of action ("invasion of privacy"). (*Id.* ¶ 53.) Plaintiffs' seek $35,000,000 in damages. (*Id.*)

The Amended Complaint elsewhere alleges the existence of a "layered civil, quasi-criminal and criminal prosecution conspirac[y]" that appears to involve the New York City law enforcement authorities, prosecutors, and "judicial actors." (*Id.* ¶¶ 16, 17.) There are references to a "domestic violence" temporary restraining order dated April 5, 2018, constructive evictions, "perjurious complaints," "falsely sworn papers," and "false 911 calls." (*Id.* ¶¶ 18, 19, 22, 42, 43.) Plaintiffs' claims appear to be based, in part, on "[criminal] convictions against Rudy Rosenberg[.]" (*Id.* ¶ 27.) The events giving rise to this lawsuit evidently span from January of 2007 to September of 2018. (*Id.* ¶ 8.) The Amended Complaint includes citations to Federal case law. (*Id.* ¶¶ 23, 27, 38, 39.)

Plaintiffs Rudy and Eltha Jordan identify themselves as "visible minorities" and claim to suffer from cognitive disabilities. (*Id.* ¶¶ 9, 10.) The Amended Complaint alleges that defendants "conspired and engaged in malicious civil prosecution with racially discriminatory and retaliatory motives against Plaintiffs." (*Id.* ¶ 36.) There is a reference to a "racial assault[.]" (*Id.* ¶ 45.)

Plaintiffs filed the Motion on December 22, 2020. (ECF No. 10.) Plaintiffs recite the standard applicable to applications for *pro bono* counsel and submit that they have "demonstrated" the factors under *Tabron v. Grace*, 5 F.3d 146 (3d Cir. 1993). (*Id.* ¶ 47.)

## LEGAL ANALYSIS AND DISCUSSION

The Court has the discretion to appoint attorneys to represent litigants who are "unable to afford counsel[.]" 28 U.S.C. § 1915(e)(1). The appointment of counsel in a civil case is a privilege, not a statutory or constitutional right. *Brightwell v. Lehman*, 637 F.3d 187, 192 (3d Cir. 2011). The decision to appoint counsel "must be made on a case-by-case basis." *Tabron*, 6 F.3d at 157–58. The Third Circuit has stated that "courts should exercise care in appointing counsel because volunteer lawyer time is a precious commodity and should not be wasted on frivolous cases." *Montgomery v. Pinchak*, 294 F.3d 492, 499 (3d Cir. 2002) (citing *Parham v. Johnson*, 126 F.3d 454, 458 (3d Cir. 1997)).

The decision to appoint *pro bono* counsel for plaintiffs proceeding *in forma pauperis* involves a two-step analysis. *Howard v. Reyes*, No. 18-00800, 2020 WL 3958483, at *2 (D.N.J. July 13, 2020). First, the Court "must decide … the critical threshold determination of whether [plaintiff's] case has arguable merit in fact and law." *Tabron*, 6 F.3d at 158. Once a plaintiff overcomes this threshold, the Court should then consider the following factors: (1) the plaintiff's ability to present his or her own case; (2) the difficulty of the particular legal issues; (3) the degree to which factual investigation will be necessary and plaintiff's ability to pursue an investigation; (4) plaintiff's capacity to retain counsel on his or her own behalf; (5) the extent to which a case is likely to turn on credibility determinations; and (6) whether the case will require testimony from expert witnesses. *See Tabron*, 6 F.3d at 155–57. "This list of factors is not exhaustive [and] should serve as a guidepost[.]" *Parham*, 126 F.3d at 458 (citing *Tabron*, 6 F.3d at 155). However, where the factual and legal issues "have not been tested or developed by the general course of litigation … factors (2)–(5) of

*Parham*'s test [are] particularly difficult to evaluate." *Howard*, 2020 WL 3958483, at *2 (citing *Chatterjee v. Phila. Fed'n of Teachers*, Nos. 99-04122 and 99-04233, 2000 WL 1022979, at *1 (E.D. Pa. July 18, 2000) (stating that unlike *Parham,* which concerned a directed verdict ruling, and *Tabron,* which involved summary judgment adjudication, plaintiff's claims asserted in the complaint and motions "have barely been articulated" and have a distinctive procedural posture)).

The Motion fails to address or discuss whether Plaintiffs' case has arguable merit in fact or law. *Tabron*, 6 F.3d at 158. Plaintiffs merely submit, without further discussion or analysis, that the *Tabron* factors have been "demonstrated at this stage of the proceeding[,]" thus warranting the appointment of *pro bono* counsel. (ECF No. 10 ¶ 47.) On this basis alone, the Motion is appropriately denied.

Notwithstanding Plaintiffs' failure to address the threshold determination under *Tabron* in the first instance, the Court nevertheless questions whether Plaintiffs' case possesses arguable merit in fact or law. The Amended Complaint is incoherent and unintelligible. The theories of liability advanced in the pleading remain murky. The identification of various government officials and state actors, while somewhat helpful, contributes little to the determination of whether this matter possesses some arguable merit. Merely that the Amended Complaint is lengthy does not make it meritorious. At this juncture, the Court is not positioned to glean meritorious causes of action from the Amended Complaint. As such, the Court finds that Plaintiffs' claims are not sufficiently "meritorious" in fact and law under the first prong of the two-step analysis. *Parham*, 126 F.3d at 459. Accordingly, the Motion is denied.

Since the Court finds Plaintiffs' claims lack arguable merit, the Court need not analyze the "guidepost factors" under *Parham*.[1]

The *Tabron* Court recognized "the significant practical restraints on the district courts' ability to appoint counsel: the ever-growing number of prisoner civil rights actions filed each year in the federal courts; the lack of funding to pay appointed counsel; and the limited supply of competent lawyers who are willing to undertake such representation without compensation." *Tabron*, 6 F.3d at 157. This Court recognizes that "where a plaintiff's case appears to have merit and most of the aforementioned [*Parham*] factors have been met, courts should make every attempt to obtain counsel." *Parham*, 126 F.3d at 461 (citing *Mallard v. U.S. Dist. Ct.*, 490 U.S. 296, 310 (1989)). Here, since Plaintiffs have not satisfied their burden of showing that this lawsuit possesses some arguable merit in fact and law, the Motion is denied.

## CONCLUSION

Accordingly, and for the reasons stated above,

**IT IS** on this   **16th** day of **February 2021**   **ORDERED** that:

1. Plaintiff's Motion (**ECF No. 10**) is **DENIED**.

2. The Clerk of the Court is directed to terminate the Motion at ECF No. 10.

3. The Clerk of the Court is directed to transmit a copy of this Opinion and Order to plaintiff by regular mail.

　　　　　　　　　　　　　　　　　　*/s/ Edward S. Kiel*
　　　　　　　　　　　　　　　　　　**EDWARD S. KIEL**
　　　　　　　　　　　　　　　　　　**UNITED STATES MAGISTRATE JUDGE**

---

[1] Moreover, even if Plaintiffs had demonstrated that their case has some arguable merit in fact and law, since the factual and legal issues in this case "have not been tested or developed by the general course of litigation[,]" presently factors (2) through (5) of *Parham* remain "particularly difficult to evaluate[.]"  *Howard*, 2020 WL 3958483, at *2.